# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**UNITED STATES OF AMERICA**
      **Plaintiff,**

    **v.**
                           **Case No. 01-CR-166**
                           **Case No. 13-CR-041**

**DEMETRIUS MOORE**
      **Defendant.**

---

## <u>ORDER</u>

Defendant Demetrius Moore moves for re-assignment of his new criminal case, No. 13-CR-41 (CNC), to me. On review of the factors set forth in Criminal Local Rule 13, I grant the motion.

## I. BACKGROUND

On July 15, 2002, in Case No. 01-CR-166, I sentenced defendant to 150 months in prison (later reduced to 121 months) followed by 5 years of supervised release on his guilty plea to armed bank robbery. Defendant was released from prison to supervision August 18, 2010. On January 26, 2013, defendant was arrested as a suspect in an armed bank robbery, and on January 30, 2013, I issued a warrant for his arrest based on alleged violations of the conditions of his supervised release. On February 12, 2013, defendant appeared on the warrant, and Magistrate Judge Joseph allowed his release without objection from the government, as the government was not at that time prepared to charge defendant with the new robbery. I scheduled a revocation hearing for March 8, 2013.[1]

---

[1]The probation office at that time alleged several historic C grade violations.

On March 6, 2013, the government obtained a criminal complaint charging defendant with the new robbery.[2]  He appeared on the complaint March 7, 2013, and the government sought detention, but Magistrate Judge Gorence permitted release.  On March 8, 2013, defendant appeared before me for the previously scheduled revocation hearing.  Noting the changed circumstances since the February 12, 2013 hearing, i.e., the issuance of a criminal complaint charging the new bank robbery, I ordered defendant detained pending further revocation proceedings. I scheduled a preliminary hearing for March 11, 2013, at which I found probable cause that defendant had violated the conditions of release.  I further found that defendant had failed to show by clear and convincing evidence that he would not pose a danger if released and thus continued the detention order.  Finally, I indicated that I would schedule a final revocation hearing after the new case was resolved.

On March 12, 2013, a grand jury indicted defendant on the new robbery.  The indictment was assigned to Judge Clevert, who set the case for final pre-trial on May 8, 2013, and jury trial on May 20, 2013.  On April 4, 2013, defendant filed the instant motion to reassign the new case from Judge Clevert to me.  The government responded on opposition on April 10, 2013, and defendant replied the same day.

## II.  DISCUSSION

Criminal Local Rule 13 permits the reassignment of a criminal case to another judge if it is found to be related to a lower numbered criminal case assigned to that judge and each of the following criteria is met:

(1) all defendants in each of the cases are the same, or, if the defendants are not

---

[2]According to the complaint, the government subsequently obtained DNA and other evidence linking defendant to the robbery.

2

all the same, the cases are based upon the same set of facts, events or offenses;

(2) both cases are pending in this District;

(3) the handling of both cases by the same judge is likely to result in the overall saving of judicial resources; and

(4) neither case has progressed to the point where reassigning a case would likely delay substantially the proceedings in either case, or the Court finds that the assignment of the cases to the same judge would promote consistency in resolution of the cases or otherwise be in the interest of justice.

Crim. L.R. 13(a) (E.D. Wis.). The Rule further provides that the motion must be filed with, and will be decided by, the judge to whom the lowest numbered case of the claimed related set is assigned for trial or other final disposition. Crim. L.R. 13(b). The Committee comment explains that the Rule provides "a useful tool for conserving resources where a defendant has more than one matter pending in this District." Crim. L.R. 13 cmt.

All of the criteria for reassignment are met in this instance. The defendant is the same in both cases, and both cases are pending this district. The principal violation supporting revocation in Case No. 01-CR-166 is the alleged bank robbery charged in Case No. 13-CR-41, and reassignment of the new case to me will save judicial resources, allowing the parties to present evidence and argument concerning that alleged conduct to a single court. Should defendant be convicted of or enter a guilty plea to the new robbery, reassignment will permit defendant to be sentenced for that conduct in a single proceeding, further preserving judicial resources. Finally, the new criminal case has not progressed to the point where reassignment would cause delay. I can accommodate the dates previously set by Judge Clevert, should the parties seek to maintain them, and final disposition of the revocation matter awaits the proceedings in the new case. Reassignment will also promote consistency in the disposition

3

of both cases, which, as indicated, involve the same set of material facts. This will be particularly true if the parties settle the case short of trial and reach a global resolution of the matters involving defendant pending in this district.

The government correctly notes that if defendant is convicted of the new robbery at trial before Judge Clevert I may take judicial notice of the conviction at a revocation hearing on the old case; I need not hold a new evidentiary hearing. However, the argument ignores that, under this scenario, both Judge Clevert and I would then have to sentence defendant for the same conduct, hearing what are likely to be identical arguments. Further, should defendant be acquitted at trial before Judge Clevert, the parties could present evidence regarding the conduct all over again at a revocation hearing before me. See Whitehead v. U.S. Parole Com'n, 755 F.2d 1536, 1537 (11th Cir. 1985) (noting that even if the defendant is acquitted of the criminal charge, the conduct can be the basis of revocation).

The government cites a recent case in which Federal Defender Services did not seek reassignment of a new criminal case to the judge handling the defendant's revocation in an older case. For his part, defendant cites another recent case where reassignment was pursued under these circumstances. Rule 13 requires that motions for reassignment be decided based on the particular facts of the cases. The Rule does not require either side to move for reassignment in any case; nor does it require the judge to adhere to common practice, if there is such a thing in this context.

For the reasons stated, I find that the cases are related, and that the higher numbered case should be reassigned from Judge Clevert to me.

## III. CONCLUSION

**THEREFORE, IT IS ORDERED** that defendant's motion to reassign (R. 12) is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 16th day of April, 2013.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge